Chon Patrick DIMAS, Petitioner–
Appellant,

v.

Doug DRETKE, Director, Texas Depart-
ment of Criminal Justice, Correction-
al Institutions Division, Respondent–
Appellee.

No. 04–40684.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 21, 2004.

Chon Patrick Dimas, Brazoria, TX, pro
se.

Elizabeth A. Goettert, Forrest Lumpkin,
Austin, TX, for Respondent–Appellee.

Before GARZA, DeMOSS, and
CLEMENT, Circuit Judges.

PER CURIAM: *

Chon Patrick Dimas, Texas prisoner
# 851077, requests a certificate of appeala-
bility ("COA") to appeal the district court's
denial of his 28 U.S.C. § 2254 petition as
untimely under 28 U.S.C. § 2244(d). *See*
28 U.S.C. § 2253(c)(1)(A). Dimas argues
that because he filed a motion for an ex-
tension of time to file a 28 U.S.C. § 2254
petition before the expiration of the limita-
tions period, the instant petition is timely.

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

He further avers that he is entitled to equitable tolling of the limitations period because the magistrate judge, in denying the motion for extension of time as unnecessary, stated that he had until March 6, 2003, to file a timely 28 U.S.C. § 2254 petition. He argues that he was misled into believing that he had until that date to file his petition.

The one-year limitations period of 28 U.S.C. § 2244(d) may be subject to equitable tolling "in rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir.1998). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir.1999) (internal quotation marks and citation omitted). A district court's refusal to invoke the doctrine of equitable tolling is reviewed for abuse of discretion. *Molo v. Johnson,* 207 F.3d 773, 775 (5th Cir.2000).

The record shows that on April 15, 2002, and before the expiration of the limitations period, Dimas filed his motion for extension of time to file a 28 U.S.C. § 2254 petition. The motion was not ruled on until July 1, 2002, after the expiration of limitations period. The magistrate judge, in denying the motion as unnecessary, stated that Dimas had until March 6, 2003, to file a timely habeas petition. Dimas's current petition was filed before that time.

We conclude that Dimas has shown rare and exceptional circumstances warranting the tolling of the limitations period and that reasonable jurists would conclude that the district court's procedural ruling was incorrect. *See United States v. Patterson,* 211 F.3d 927, 929 (5th Cir. 2000); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Accordingly, a COA is hereby GRANTED. The district court's judg-ment denying Dimas's 28 U.S.C. § 2254 petition as time-barred is hereby VACAT-ED, and this case is REMANDED to the district court for consideration of the constitutional claims set forth in Dimas's habeas petition.

GRANT COA; VACATE and RE-MAND.